Wheat v. Brown.

---

JOHN H. WHEAT v. JAMES R. BROWN.

No. 35.

1. LANDLORD AND TENANT—*Tenant from Year to Year.*   Where a tenant occupies a farm under a written lease for two years, and after the termination of the time specified in the written lease remains in the actual occupancy of the farm with the assent of the owner, cultivating the same and paying the same rent that he did under the written lease, he becomes a tenant from year to year, and it requires a notice in writing for three months prior to the end of the year to terminate such lease.

2.. ——— *Effect of Foreclosure on Rights of Tenant.* Where a tenant from year to year is in the actual occupancy of a farm, cultivating the same, and has been in the actual occupancy thereof for about three years, and the farm is subject to a mortgage, and the mortgagee commences an action against the mortgagors to foreclose the mortgage and does not in such action make the tenant a party to the foreclosure proceedings, a decree of foreclosure and sale under such decree does not affect the tenant's rights to occupy the premises; the purchaser at the sheriff's sale acquires. all the right and title of the mortgagors in the premises and will be entitled to receive the rents for all immature crops at the time of his purchase, but he is not entitled to all crops grown on the land by the tenant, and is not entitled to take forcible possession of the premises and distrain the tenant's cattle as trespassing animals thereon.

3. CASE, *Followed.* When requested at the conclusion of the evidence to instruct the jury in writing, it is error for the court to refuse to instruct in writing and then instruct them orally, and request the court stenographer to take the instructions and afterward reduce them to writing. The case of *Rich v. Lappin,* 43 Kan. 666, followed.

MEMORANDUM.—Error from Barber district court; C. W. ELLIS, judge. Action in replevin by James R. Brown against John H. Wheat. Judgment for plaintiff. Defendant brings the case to this court. Reversed. The opinion herein, filed February 6, 1896, states the material facts.

*S. L. Overstreet,* and *W. S. Denton,* for plaintiff in error.

The opinion of the court was delivered by

JOHNSON, P. J.: This suit was commenced in the district court of Barber county, Kansas, on the 14th day of November, 1888, by James R. Brown, as plaintiff, against John H. Wheat, as defendant. The suit was for the recovery of the possession of 35 head of cattle, consisting of cows, heifers, and steers, described in the petition and affidavit in replevin of plaintiff,

and for damage for the wrongful taking and unlawful detention thereof. The plaintiff below, James R. Brown, in his petition and amended petition alleges that he had a special ownership in the cattle and their value, and was entitled to the immediate possession thereof, and that John H. Wheat, defendant below, wrongfully took them away from him and unlawfully detains the possession of them from him. To the petition of the plaintiff below the defendant below filed his answer denying each and every allegation of the plaintiff's petition; and upon these issues the case was tried by the court with a jury. Upon the trial of the case, after the plaintiff below had introduced all of his evidence to prove his ownership in the cattle, their value, and that the cattle were taken away from his possession by the defendant below, the defendant sought to justify the taking and holding of the cattle under the stray laws of the state of Kansas, and, for the purpose of showing his right to take the cattle and hold them from the possession of the plaintiff below, introduced evidence which proved the following state of facts: That James R. Brown, in the years 1886 and 1887, was the tenant of two quarter-sections of land in Barber county, Kansas; that he resided in the dwelling-house situated on one of these quarter-sections; that the two quarter-sections were joining, and constituted one-half section of land; that the two quarter-sections of land belonged to different owners; that one quarter of said land was mortgaged; that Brown cultivated the improved portions of each quarter-section in 1886 and 1887 under a written lease; that he continued to occupy and cultivate said land in 1888; that he had no written lease for the land in 1888, and that in 1888 the mortgage was foreclosed on

one of these quarter-sections of land, and the same was sold by the sheriff in July, 1888, and that the defendant, John H. Wheat, purchased said quarter-section of land at sheriff's sale in August, 1888, and a sheriff's deed was issued to him for said land; and by reason of these proceedings, and by reason of the purchase and his deed from the sheriff, he claims that he became the owner of the land and was entitled to the immediate possession of the same and of all the growing crops thereon; and that the plaintiff's, Brown's, cattle being on the premises and eating the crops thereon, he was entitled to take possession of them and drive them off of said lands to his own farm where he lived, about one mile distant, and take them up as strays under the law.

We do not think that this contention is correct. Brown was in the actual occupancy of these premises as a tenant at the time the suit of foreclosure was commenced and he was not made a party to the foreclosure proceedings, and the decree of foreclosure and sheriff's sale under the decree did not affect his rights as a tenant, as he was entitled to the possession of the premises until his tenancy was determined in some lawful manner. He was in the actual occupancy in 1886 and 1887, and having remained on the premises with the assent of the owner, and cultivated the same from year to year thereafter, he was then deemed a tenant from year to year, and to determine his tenancy required at least three months' notice in writing prior to the expiration of the year, which would be the 1st day of March. Wheat, by the purchase of the land at sheriff's sale, obtained all the right, title and interest in and to the land that the mortgagors had, and was entitled to the rents from the land from all immature crops at the time he received his sheriff's

deed for the premises.   But Brown not being a party to the foreclosure proceedings, the decree did not terminate his lease.   Wheat could determine the lease on the 1st day of March thereafter by giving the notice required by law, but could not go on and take forcible possession of the land and take and distrain Brown's cattle for trespass on the land.   Brown was not a trespasser.   Being in possession under a lease which continued from year to year, he had a right to keep his cattle on the land, and if he failed to pay the rents Wheat would have his lien on the crops grown on the premises for the year 1888, and could enforce his lien by attachment or other proper proceedings, but it would not justify the distraining of Brown's cattle without some legal proceedings being first had.

It is seriously contended by counsel for plaintiff in error, in his brief, that the court erred in refusing to give instruction number one, as requested by defendant, Wheat, that it was necessary for Brown to prove the allegations of his petition with reference to the ownership of the cattle.   We do not think this instruction was correct under the evidence.   We have examined the evidence set out in the record carefully, and think there can be no question but that Brown proved a special and general ownership to the property, and there was no evidence on the part of the defendant tending in the remotest degree to contradict the proof of ownership.   The defendant below did not dispute the ownership of Brown to the cattle on the trial but justified the taking of the cattle as a right to take them up under the laws of Kansas as trespassing animals on his premises, and a right to hold them for damage done to crops on the premises.

There are several assignments of error set out in the petition and in the record, all of which, but one,

we do not think are necessary to be considered, as the court did not err in the particulars complained of. But this case must be reversed for the sixth assignment of error. On the conclusion of the evidence the defendant below requested the court to give written instructions to the jury in said case, and the court refused to give written instructions to the jury, as requested by defendant, but instructed the jury orally, requesting the court stenographer to take said instructions, and such instructions, being taken by the court stenographer, were afterward reduced to writing and signed by the judge, without being numbered. To the manner of giving the instructions the defendant, at the time, objected and excepted. Was this a compliance with the statute in relation to giving instructions to the jury? Subdivisions 5 and 6 of section 275 of the code of civil procedure read :

"When the evidence is concluded and either party desires special instructions to be given to the jury, such instructions shall be reduced to writing, numbered, and signed by the party or his attorney asking the same, and delivered to the court. The court shall give general instructions to the jury, which shall be in writing, and be numbered, and signed by the judge, if required by either party. . . . All instructions given by the court must be signed by the judge, and filed together with those asked for by the parties as a part of the record."

This section of the code is imperative, and the giving of instructions orally when requested to instruct in writing is not a compliance with this section of the code. It is a right that a party has under this section to have the instructions reduced to writing by the judge of the court, to have them set out in separate paragraphs and each paragraph numbered, and the instructions so reduced to writing and numbered

must be signed by the judge, so that the party may except to such parts of the instructions as he deems erroneous and accept those that he thinks contain correct statements of the law applicable to the pleadings and facts as proved on the trial. (*Rich v. Lappin*, 43 Kan. 666; *The State v. Bennington*, 44 id. 583; *The State v. Potter*, 15 id. 303; *City of Atchison v. Jansen*, 21 id. 560.)

For the error in refusing to instruct the jury in writing, as requested by the defendant below, the judgment is reversed, and the case remanded for a new trial.

All the Judges concurring.