Billy D. BEARDEN, Plaintiff,

v.

JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY, Defendant.

Civ. A. No. 84–1777.

United States District Court, D. Kansas.

Aug. 14, 1987.

David K. Clark, Fredonia, Kan., for plaintiff.

Richard A. Loyd, Wichita, Kan., for defendant.

## MEMORANDUM AND ORDER

THEIS, District Judge.

This case is before the Court on John Hancock Mutual Life Insurance Company's motion for partial summary judgment on Billy Bearden's punitive damages claim. In its Opinion and Order of April 15, 1986, this Court observed parenthetically that "John Hancock's mistaken assumption that the statutes here in question did not apply to them is probably not sufficient to submit a question of punitive damages to a jury." 635 F.Supp. 1084, 1088. That is precisely the question presented at this juncture for a ruling.

The Court has previously delineated the standards for summary judgment in this case, dk. no. 30, p. 2, and will only highlight them now. Summary judgment is appropriate only if there "is no genuine issue of material fact ... and the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). Summary judgment is a drastic remedy that should be granted with caution. *Redhouse v. Quality Ford Sales, Inc.,* 511 F.2d 230, 234 (10th Cir. 1975).

The uncontroverted facts are as follows. On June 18, 1982, John Hancock filed suit against J.T. Burkey and Dena Burkey to foreclose on a mortgage of certain farmland which the Burkeys owned. On March 28, 1983, John Hancock obtained a judgment in the foreclosure action. Because additional junior liens appeared of record after the suit was filed and before the original judgment, John Hancock added additional parties to the foreclosure suit. On September 19, 1983, Bearden learned of the foreclosure proceedings and notified it of his status as a lessee and to inquire about a continuation of the lease. This call was the first indication that John Hancock had of Bearden's status as a lessee.

On November 18, 1983, John Hancock purchased the farmland at the Sheriff's sale. On May 15, 1984, after the six month redemption period had expired, John Hancock took possession of the farmland. Bearden harvested his immature alfalfa crop prior to that date in order to recoup some return on his investment. On September 21, 1984, Bearden filed the present action against John Hancock, claiming that John Hancock had ignored Bearden's rights under the lease. In addition to actual damages, Bearden seeks punitive damages of $100,000, for John Hancock's alleged ignoring of Bearden's notice of September 19, 1983, of his lease of the land and John Hancock's disregard of Bearden's rights in his ouster from the leasehold.

Simply put, Bearden asserts that John Hancock was put on notice of a claim which should have been adjudicated in the foreclosure proceeding, that John Hancock had moved to add additional party defendant on April 22, 1983, and that John Hancock should have moved to add Bearden as a defendant after Bearden's notice of September 19, 1983. John Hancock responds that it had no constructive notice of Bearden's interest when it filed the foreclosure action, and that after it learned of Bearden's lease, John Hancock relied in good faith on mortgage foreclosure law in its dealings with Bearden.

 Punitive damages are imposed only where there is evidence of a malicious, vindictive or willful and wanton invasion of the injured party's rights. *Johnson v. Geer Real Estate Co.,* 239 Kan. 324, 720 P.2d 660 (1986). John Hancock had no actual notice of Bearden's lease until September 19, 1983. Bearden argues that the existence of his alfalfa crop gave John Hancock a duty to investigate into the possible existence of leases on the property. The existence of crops on a farmland provides no constructive notice of a lease. *See Flaspohler v. Hoffman,* 652 S.W.2d 703 (Mo.App.1983) (existence of crops alone provides no constructive notice of a third party interest in land). Even if John Hancock had a duty to investigate, Bearden offers no evidence that its failure to do so was malicious, vindictive or in wanton or willful disregard of Bearden's rights.

 Punitive damages are not allowed where a party acts under an innocent mistake of law or in good faith reliance on the advice of counsel. *Iola State Bank v. Bolan,* 235 Kan. 175, 679 P.2d 720 (1984). To

sustain a claim for punitive damages, some evidence is required which is inconsistent with the hypothesis that the conduct in question was the result of a mistake of law or other such honest error in judgment. *Travelers Indemnity Co. v. Armstrong,* 442 N.E.2d 349, 362 (Ind.1982).

Bearden's contention is that after John Hancock learned of Bearden's leasehold interest, John Hancock wrongfully ousted Bearden from the property in 1984 at a time in the growing season which John Hancock should have known would cause significant financial harm to Bearden. John Hancock maintains that even if Bearden's contentions are true, John Hancock reasonably believed that mortgage foreclosure law and not K.S.A. §§ 58–2506 and 58–2506a applied to this action. Under mortgage foreclosure law, the lease would have been treated as terminated.

The Court agrees with John Hancock. Not until the Court ordered rebriefing of the issues, in its Opinion and Order of October 11, 1985, had the parties fully addressed the operation of K.S.A. §§ 58–2506 and 58–2506a in relation to this case. Furthermore, in its Opinion and Order of April 15, 1986, the Court noted that the treatment of farm leases in light of a state farm lease termination statute was a case of first impression. 635 F.Supp. 1084, 1086. Finally, John Hancock made good faith arguments that mortgage foreclosure law should apply to this case. Therefore, the Court finds that John Hancock's reasonable mistake of law precludes Bearden from obtaining punitive damages. The Court notes that the cases cited by Bearden are irrelevant to the present issue.

IT IS THEREFORE ORDERED that John Hancock's motion for partial summary judgment with respect to punitive damages is hereby granted.