(859 P.2d 394)

No. 68,924

CITIZENS BANK & TRUST, *Appellant*, v. BROTHERS CONSTRUCTION & MANUFACTURING, INC., *Appellee*.

Opinion filed August 27, 1993.

*Michael D. Doering*, of McDowell, Rice & Smith, of Overland Park, for the appellant.

*Edward E. Embree II*, of Perry & Hamill, of Overland Park, for the appellee.

*Charles N. Henson*, of Wright, Henson, Somers, Sebelius, Clark & Baker, of Topeka, for *amicus curiae* Kansas Bankers Association.

Before LEWIS, P.J., ROYSE, J., and C. FRED LORENTZ, District Judge, assigned.

LEWIS, J.: Citizens Bank & Trust (Bank) appeals from the trial court's decision in favor of Brothers Construction & Manufacturing, Inc. (Brothers). We affirm the decision of the trial court.

The Bank was the owner and holder of the first and second mortgages on the real estate involved in this action. These mortgages were executed and delivered to the Bank in the years of 1986 and 1989 and were placed of record in a timely manner.

In December 1990, Brothers entered into a written lease agreement, leasing the property in question. The lease was for three years and will expire on January 1, 1994. Brothers occupies the property under the terms of the lease described. Brothers has not recorded its lease, and there is nothing of record indicating it has a leasehold interest in the property.

In 1991, a mechanic's lien foreclosure action was filed against the property and its owners by a third party. The Bank was made a party to this action and filed a cross-claim and third-party petition to foreclose the first and second mortgages. The Bank did not join Brothers as a party to its action to foreclose the two mortgages.

The mortgage foreclosure action proceeded to judgment in favor of the Bank. The Bank's mortgages were foreclosed, and a sheriff's sale was ordered of the premises. The Bank purchased the property at the sheriff's sale and ultimately received a sheriff's deed to the property.

It is agreed that, prior to judgment being entered in the foreclosure action, the Bank had actual knowledge that Brothers was in possession of and occupying the property in question. Despite this knowledge, the Bank took no action to include Brothers as a party to its foreclosure lawsuit.

After receiving a sheriff's deed to the premises, the Bank made demand upon Brothers to quit and vacate the premises. Brothers refused to do so, and the Bank filed the instant action of forcible detainer.

The Bank contended that Brothers' interest in the property as a lessee was foreclosed and determined by the mortgage foreclosure action even though Brothers was not a party to that action. Brothers filed a motion for summary judgment, claiming that its interest in the property was not affected by the foreclosure action to which it was not made a party. The trial court granted summary judgment in favor of Brothers, and the Bank appeals.

There is only one issue on appeal. Was Brothers' leasehold interest in the property foreclosed by a mortgage foreclosure action to which it was not made a party where the Bank had actual knowledge that Brothers was occupying the property in question? We hold that question is properly answered in the

negative, and we affirm the entry of summary judgment in favor of Brothers.

There is a distinct split of authority on this issue among several states. In 51C C.J.S., Landlord & Tenant § 93(5), that split of authority is discussed:

"Although there is some authority to the contrary, it has generally been held that a lease is terminated by the foreclosure of a prior mortgage *if, and only if, the tenants are made parties to the foreclosure proceedings,* although it would seem that the institution of a foreclosure suit without making the tenant a party will not bar a reforeclosure against the tenant. It has been held that a lease is not terminated by the mere institution of foreclosure proceedings, or the appointment of a receiver to collect rents, or the entry of judgment of foreclosure, but continues as valid and subsisting until the foreclosure sale, except where the title theory of mortgages is followed and the mortgagee is regarded as possessing an unqualified right to possession of the mortgaged premises on condition broken." (Emphasis added.)

### Kansas is a lien theory state, not a title theory state:

"Kansas is a 'lien theory' jurisdiction, not a 'title theory' jurisdiction. In a 'title' theory' jurisdiction, the mortgage is viewed as a form of title to property. Randolph, *The Mortgagee's Interest in Rents: Some Policy Considerations and Proposals,* 29 Kan. L. Rev. 1, 9 (1980). In lien theory states, a mortgagee is not entitled to immediate possession of the property upon default because the mortgage is merely a lien and not a form of title. *Mid-Continent Supply Co. v. Hauser,* 176 Kan. 9, 15, 269 P.2d 453 (1954)." *Missouri Valley Investment Co. v. Curtis,* 12 Kan. App. 2d 386, 388, 745 P.2d 683 (1987).

### In 55 Am. Jur. 2d, Mortgages § 574, the following appears:

"In general, if a mortgage is duly foreclosed and the time for redemption has passed, this cuts off all the interest of the mortgagor in the lands and, consequently, bars one holding a leasehold estate which was subject to the mortgage. *Ordinarily, however, the foreclosure of a mortgage affects the rights and interests of only such persons as are made parties; and one in possession of real estate under claim of right from a mortgagor is a necessary party to a foreclosure of the mortgage, and a decree of foreclosure is not effective as to him unless he is joined.* Accordingly, whether a foreclosure action and sale terminate a lease of real estate previously mortgaged is held by the majority of the decisions to depend on the joinder of the lessee as a party to the foreclosure action; these courts hold that such a lease is thus terminated in case, and only in case, the lessee is made a party to the foreclosure suit. However, the authorities are not unanimous in holding that a lessee of mortgaged premises should be made a party to foreclose proceedings; it has been held that leasehold rights acquired subsequently to a

mortgage are extinguished by such proceedings although the lessee is not a party thereto. Furthermore, in other decisions, the position has been taken broadly that leasehold rights acquired after the execution of a mortgage on the premises leased were extinguished by the foreclosure of the mortgage, the question of making the lessee a party not being considered." (Emphasis added.)

See Annot., 14 A.L.R. 664.

Kansas has long been recognized as following the majority rule on the issue in question. In this state, a mortgage foreclosure action will only terminate a lessee's interest in the real estate if the lessee is made a party to the action. See Randolph, *The Mortgagee's Interest in Rents: Some Policy Considerations and Proposals*, 29 Kan. L. Rev. 1, 27 (1980).

Kansas has followed the majority rule since 1896. In that year, the original Court of Appeals of this state decided *Wheat v. Brown*, 3 Kan. App. 431, 43 Pac. 807 (1896). *Wheat v. Brown* was a replevin action in which the plaintiff sought to recover possession of 35 head of cattle which were in the possession of the defendant. Wheat had foreclosed a mortgage covering real estate on which Brown had an oral lease. Wheat did not join Brown as a party to that action. After Wheat received the sheriff's deed, he rounded up Brown's cattle, which were on the real estate pursuant to the oral lease, and held them for damages. Brown sued to replevin the cattle. The court held in favor of Brown and said:

"Brown was in the actual occupancy of these premises as a tenant at the time the suit of foreclosure was commenced and he was not made a party to the foreclosure proceedings, and the decree of foreclosure and sheriff's sale under the decree *did not affect his rights as a tenant, as he was entitled to the possession of the premises until his tenancy was determined in some lawful manner*. He was in the actual occupancy in 1886 and 1887, and having remained on the premises with the assent of the owner, and cultivated the same from year to year thereafter, he was then deemed a tenant from year to year, and to determine his tenancy required at least three months' notice in writing prior to the expiration of the year, which would be the 1st day of March. Wheat, by the purchase of the land at sheriff's sale, obtained all the right, title and interest in and to the land that the mortgagors had, and was entitled to the rents from the land from all immature crops at the time he received his sheriff's deed for the premises. *But Brown not being a party to the foreclosure proceedings, the decree did not terminate his lease*. Wheat could determine the lease on the 1st day of March thereafter by giving the notice required by law, but could not go on and take forcible

possession of the land and take and distrain Brown's cattle for trespass on the land. Brown was not a trespasser. Being in possession under a lease which continued from year to year, he had a right to keep his cattle on the land, and if he failed to pay the rents Wheat would have his lien on the crops grown on the premises for the year 1888, and could enforce his lien by attachment or other proper proceedings, but it would not justify the distraining of Brown's cattle without some legal proceedings being first had." (Emphasis added.) 3 Kan. App. at 434-35.

*Wheat v. Brown* clearly establishes that, in Kansas, a mortgage foreclosure action does not terminate a lease unless the lessee is made a party to that action. Brown was not made a party to Wheat's foreclosure action, and his lease was unaffected by that action.

*Wheat v. Brown* has been the law in this state for 97 years. During that time, neither the legislature nor the Supreme Court has made any effort to set aside, nullify, or temper the language of that decision or the legal precedent it established. We are not inclined to do so either, and we hold that *Wheat v. Brown* controls and supports the decision of the trial court.

There are decisions in other jurisdictions in accord with the Kansas rule. See, *e.g.*, *Kleven v. Brunner*, 229 Neb. 883, 429 N.W.2d 384 (1988); *Kerr v. McCreary*, 84 Neb. 315, 120 N.W. 1117 (1909); *Farm Credit Bank of St. Paul v. Martinson*, 478 N.W.2d 810 (N.D. 1991) .

As pointed out earlier, there are states which take a contrary position. *Treetop Apartments Gen. Part. v. Oyster*, 800 S.W.2d 628, 630 (Tex. App. 1990) ("A foreclosure sale voids all junior leases."). See *Reilly v. Firestone Tire and Rubber Co.*, 764 F.2d 167, 171 (3d Cir. 1985); *Dover Mobile Estates v. Fiber Form Prod.*, 220 Cal. App. 3d 1494, 1498, 270 Cal. Rptr. 183 (1990); *City Bank & Trust Co. of Moberly v. Thomas*, 735 S.W.2d 121 (Mo. App. 1987); *United General Ins. v. American Nat. Ins.*, 740 S.W.2d 885, 887 (Tex. App. 1987).

In *Prudential Ins. Co., Etc. v. Bull Market, Inc.*, 66 Ohio Misc. 9, 420 N.E.2d 140 (1979), the Ohio Court of Common Pleas held that Ohio law did not require the tenant to be joined. However, the court explained this was a minority view and stated:

"[T]here exists a more basic split of authority concerning the effect of foreclosure on lessees of the mortgagor, irrespective of whether tenants' rights or obligations are being asserted. The majority position . . . is that fore-

closure has no effect on lessee rights if the lessee is not joined in the foreclosure proceeding. The minority position . . . is that the lease terminates with foreclosure of the mortgagor's interest, whether or not the lessee was joined in the foreclosure proceeding because the lessee is not in privity with the final owner." 66 Ohio Misc. at 11.

We are not impressed by the privity argument and conclude that it has little relevance to the question at hand. We think that the Kansas approach to this issue is the best reasoned. The mere fact that a leasehold interest is junior in time to a first mortgage does not automatically make it subject to that mortgage. There are facts and circumstances which might result in the lease being given a priority over an earlier recorded mortgage. The rule which we follow in Kansas provides an orderly method for adjudication of competing claims to the real estate and prioritization of those claims. Our procedure is activated by joining all known competing interests in and claims to the real estate as parties to the action. There is no logic and no order to a theory which binds a tenant and automatically terminates his or her interest in real estate by a court decision to which he or she was not a party. Indeed, our sense of due process is offended by a rule which forecloses an interest in real estate where the holder of that interest is not given an opportunity to be heard on the issue. The Kansas rule is designed to ensure that a tenant may not have his or her leasehold interest in property automatically forfeited without the due process right of a day in court. We reject the argument that expediency and the complexities of modern society require that we abandon our present process for one which would adjudicate the property interests of non-parties to an action and bind them without their having an opportunity to present their claims in court.

The Bank argues that *Wheat v. Brown* is not controlling because it involved a farm lease. It suggests that since farm leases are given preference in Kansas, *Wheat v. Brown* is not an appropriate decision to apply to an urban commercial setting. We disagree. The very essence of *Wheat v. Brown* is its holding that "Brown not being a party to the foreclosure proceedings, the decree did not terminate his lease." 3 Kan. App. at 435. The fact that the lease was a farm lease was irrelevant to the due process basis of that decision. In addition, *Wheat v. Brown* re-

quires that competing claims be litigated in an action in which all parties bound by the decree must also be parties to the action. This principle applies with equal force to the urban commercial setting as it does to a rural farm lease. The right of a party to have a claim of possession to real estate determined in a court of law will not be sacrificed to expediency or to the "complexities" of the modern urban commercial setting.

The Bank also cites *Bearden v. John Hancock Mut. Life Ins. Co.*, 635 F.Supp. 1084 (D. Kan. 1986), and *Bearden v. John Hancock Mut. Life Ins. Co.*, 708 F.Supp. 1196 (D. Kan. 1987), as having eroded the authority of *Wheat v. Brown*. Those federal decisions are not binding on this court, and, to the extent that they may be interpreted to recognize the minority view, we decline to follow them. In addition, we have examined them, and we do not believe they persuasively support the position advocated by the Bank.

There is another factor in this action which we consider to be of great importance. It is clear, and the parties agree, the Bank had notice that Brothers was occupying the property involved in its foreclosure action. It had this notice prior to judgment in that action and had ample time to join Brothers as a necessary party or at least as a "contingently necessary" party under K.S.A. 60-219(a). The Bank failed to do so. We think that, under the circumstances shown, the failure of the Bank to join Brothers was inexcusable and is fatal to the position the Bank seeks to assert. Title examiners in this state have long cautioned mortgage lenders and purchasers of real estate to be cognizant of the rights of persons in possession of real estate. The validity of such advice becomes readily apparent when the provisions of K.S.A. 1992 Supp. 58-3404 are considered. That statute makes a marketable record title in this state subject to "all interests preserved by the filing of proper notice *or by possession by the same owner continuously for a period of 25 years or more.*" (Emphasis added.) K.S.A. 1992 Supp. 58-3404(b). The Bank is in no position to seek relief from its own failure to join Brothers as a party to its foreclosure action when it had ample opportunity to do so. Under the circumstances, it would be a miscarriage of justice to conclude that the Bank can foreclose Brothers' interest in the lease on the real estate without having joined Brothers to its foreclosure action.

The Kansas Bankers Association has filed an *amicus curiae* brief in support of. the position argued by the Bank. The Association suggests that the rule of *Wheat v. Brown* is outdated and is not functional in a modern commercial setting. It suggests that the rule of *Wheat v. Brown* is burdensome and too cumbersome to place on commercial institutions in this age of urban enlightenment. We do not agree.

Our holding in this case does nothing more than reiterate that the law in Kansas is as it has been for 97 years. We do not place an unimaginable burden on commercial lending institutions. Our decision requires only that a bank join as parties to a foreclosure action all parties which it knows or should know are making some claim to the property in question. In this case, the Bank was only required to join Brothers, who it knew was occupying and claiming some interest in the real estate. In other factual settings, a lender would be required to know who was in possession of the real estate and what rights they claim to the property in question. If a Bank seeks to foreclose a mortgage, joinder of other parties claiming an interest in the real estate is good law practice and not an overwhelming burden. We think it not outrageous to require that a party be joined before a foreclosure action can be held to foreclose his or her rights to real estate. We might suggest that a commercial lending institution make some use of interrogatories, depositions, or other discovery methods to determine the existence of unrecorded leases, easements, mechanics' liens, etc. Through such methods, all parties claiming an interest in that real estate will be known and can be joined in the foreclosure action. We believe that such procedure will support the principles of due process and justice on which our legal system was founded.

We hold that *Wheat v. Brown* controls this action. The interest of Brothers as a lessee in the real estate in question was not terminated by the foreclosure action to which it was not made a party.

Affirmed.