NOT DESIGNATED FOR PUBLICATION

No. 120,331

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

CITIMORTGAGE, INC.,
Successor in Interest by Merger to
ABN AMRO Mortgage Group, Inc.,
*Appellee*,

v.

MAEJEAN SCOTT-JACOBS
a/k/a Maejean S. Jacobs
a/k/a Maejean Jean Scott-Jacobs,
*Appellant*,

RUSSELL L. JACOBS,
*Defendant*,

and

JOHN DOE/JANE DOE (Occupant),
(Angela Connell),
*Appellant*.

MEMORANDUM OPINION

Appeal from Shawnee District Court; FRANKLIN R. THEIS, judge. Opinion filed December 27, 2019. Affirmed.

*Maejean Scott-Jacobs* and *Angela Connell*, appellants pro se.

*Mark M. Haddad* and *Beverly M. Weber*, of Martin Leigh PC, of Kansas City, Missouri, for appellee.

Before HILL, P.J., MALONE and POWELL, JJ.

PER CURIAM:  Maejean Scott-Jacobs and Angela Connell appeal pro se the district court's grant of summary judgment to CitiMortgage on its in rem foreclosure suit, claiming the district court erred by granting the motion and denying their counterclaims. We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

In 1993, Russell L. Jacobs and Maejean Scott-Jacobs, husband and wife, purchased a house in Topeka, Kansas. According to the record, they refinanced their home loan in March 2006 by taking out a new mortgage with ABN AMRO Mortgage Group, Inc., in the principal sum of $191,000, together with interest. Russell and Maejean executed the note and mortgaged the property to ABN AMRO to secure payment of the note. The mortgage required Russell and Maejean pay the principal and interest according to the terms of the note. If Russell and Maejean failed to comply with any of the terms of the mortgage or note, then any sums still owed would become immediately due and ABN AMRO would have the right to foreclose on the mortgage. The mortgage was recorded on April 4, 2006.

On or about August 21, 2007, ABN AMRO merged into CitiMortgage Inc. As a result of this merger, CitiMortgage became the owner and holder of the note and mortgage and thus became entitled to enforce them.

On June 20, 2011, Maejean and Russell filed for bankruptcy, and they listed as one of their debts the loan owed to CitiMortgage. Ultimately, the bankruptcy court discharged the couple's personal liability and the case was closed. CitiMortgage obtained an in rem judgment only.

2

Given Russell and Maejean's failure to make payments as required by the note and mortgage, CitiMortgage declared the entire principal sum and interest due and demanded payment. Russell and Maejean did not comply with this demand for payment, and on August 21, 2015, CitiMortgage sought to foreclose on Russell and Maejean's property by filing suit against them and any unknown occupants of the house. A copy of the note, indorsed in blank, and the mortgage were attached to the petition.

Angela Connell, Maejean's daughter from a prior relationship and a purported occupant of the property, moved pro se to dismiss the petition and filed an "Answer, New Matter, and Counterclaims" on behalf of herself, Russell, and Maejean. Because Angela was not a licensed attorney in Kansas, CitiMortgage sought to strike Angela's pleadings filed on behalf of Maejean and Russell. At a subsequent hearing on CitiMortgage's motion to strike, Russell and Maejean did not appear, and the district court explained to Angela that she could not represent them. Russell and Maejean were given until May 6, 2016, to either affirm the pleadings filed on their behalf by Angela or obtain counsel.

At the May 6 hearing, Maejean and Angela appeared in person, but Russell did not. The district court ordered Maejean to affirm the pleadings in writing by May 16, 2016. That date came and passed. However, on May 20, 2016, Maejean filed her written "Adoption of Filings," which adopted Angela's motion to dismiss, answer, counterclaims, and cross-claims. Russell did not file a written adoption of the pleadings filed by Angela on his behalf.

CitiMortgage then moved to dismiss Angela's counterclaims, arguing that Angela, as a mere occupant of the house, lacked standing to bring her claims. CitiMortgage also sought dismissal of Maejean's counterclaims or, in the alternative, a more definite statement because Maejean's counterclaims did not state a valid cause of action against CitiMortgage.

3

On October 21, 2016, the district court entered a journal entry and case management order, finding Russell in default, dismissing Angela's counterclaims, and deferring ruling on CitiMortgage's motion to dismiss Maejean's counterclaims pending discovery. The district court also found sufficient evidence demonstrating the merger of ABN AMRO into CitiMortgage, memorialized Maejean and Angela's stipulation that CitiMortgage was in physical possession of the original note, and set a discovery deadline of January 13, 2017.

On December 6, 2016, CitiMortgage served Maejean with interrogatories, requests for production, and requests for admissions. On January 18, 2017, Maejean provided responses to the requests for admissions but failed to provide any response to the interrogatories or requests for production. Lacking any substantive discovery response, CitiMortgage renewed its motion to dismiss Maejean's counterclaims and moved for summary judgment on its petition for mortgage foreclosure.

On May 10, 2018, the district court issued an order denying a series of renewed motions by Angela and Maejean, indicating it had re-reviewed its prior rulings and found nothing in Angela and Maejean's motions that would cause it to change course or alter its prior holdings. The district court specifically held:

> "Simply no basis exists to support any one of Defendants' claims that the mortgage document or underlying loan document is not authentic or not signed by the Defendants Maejean Scott-Jacobs and her husband, Russell. No basis exists to doubt or impeach the affidavit of Plaintiff supporting its possession of the original documents or its right to pursue foreclosure in rem against these Defendants. Defendants overlook the fact this case was filed, with note and mortgage attached, August 21, 2015. That date and subsequent is the relevant date in terms of possession."

4

On July 3, 2018, the district court dismissed Maejean's counterclaims, granted CitiMortgage's motion for summary judgment, and filed a journal entry granting CitiMortgage an in rem mortgage foreclosure.

Russell, Maejean, and Angela timely appeal. Unfortunately, Russell passed away during the pendency of the appeal.

ANALYSIS

Maejean and Angela have elected to proceed pro se before us. While we liberally construe pro se pleadings, pro se litigants may not ignore the rules of procedure and evidence that are binding upon litigants represented by counsel.

> "'Our legal system cannot function on any basis other than equal treatment of all litigants. To have different rules for different classes of litigants is untenable. A party in civil litigation cannot expect the trial judge or an attorney for the other party to advise him or her of the law or court rules, or to see that his or her case is properly presented to the court. A pro se litigant in a civil case cannot be given either an advantage or a disadvantage solely because of proceeding pro se.' [Citation omitted.]" *In re Estate of Broderick*, 34 Kan. App. 2d 695, 701, 125 P.3d 564 (2005).

On appeal, Maejean and Angela's brief purports to raise six arguments: (1) CitiMortgage lacks standing to foreclose; (2) the loan was a predatory one; (3) the loan was securitized; (4) the district court erred in dismissing Maejean and Angela's counterclaims, cross-claims, and affirmative defenses; (5) CitiMortgage violated the Home Loan Protection Act (HLPA), the Truth in Landing Act (TILA), Real Estate Settlement Procedures Act (RESPA), and the Pooling and Servicing Agreement (PSA); and (6) Maejean and Angela suffered emotional and physical distress because of the actions of CitiMortgage. They seek "Declaratory and Injunctive Relief, Quiet Title in Defendants['] name, and award any and all damages that the Court deem[s] just and fair."

5

Our review of the record and briefs on appeal leads us to assess the district court's grant of summary judgment to CitiMortgage in three ways: (1) whether the district court erred in dismissing Angela and Maejean's counterclaims; (2) whether the district court erred in granting summary judgment to CitiMortgage on its mortgage foreclosure petition; and (3) whether any of Maejean and Angela's remaining claims have merit.

I.    DID THE DISTRICT COURT ERR DISMISSING MAEJEAN AND ANGELA'S COUNTERCLAIMS AND CROSS-CLAIMS?

Maejean and Angela argue the district court erred in dismissing their breach of contract counterclaims and breach of duty, intentional infliction of emotional distress, and malice cross-claims.

A.    *Angela's Claims*

While the district court did not elaborate on its reasons for dismissing Angela's counterclaims and cross-claims, CitiMortgage's motion argued that Angela lacked standing to raise any of these claims, requiring dismissal under K.S.A. 2018 Supp. 60-212(b)(1) and (6). "Whether a district court erred by granting a motion to dismiss for failure to state a claim is a question of law subject to unlimited review." *Cohen v. Battaglia*, 296 Kan. 542, 545, 293 P.3d 752 (2013).

> ""Standing is 'a party's right to make a legal claim or seek judicial enforcement of a duty or right."' Standing is a jurisdictional question in which courts determine whether a party has alleged a sufficient stake in the outcome of a controversy to warrant invocation of jurisdiction and to justify exercise of the court's remedial powers on that party's behalf. [Citations omitted.]" *Board of Johnson County Comm'rs v. Jordan*, 303 Kan. 844, 854, 370 P.3d 1170 (2016).

"When a district court grants a motion to dismiss based on a lack of standing, the appellate court accepts the facts alleged in the petition as true, and if those facts demonstrate that the appellants have standing to sue, the decision of the district court must be reversed." *Kansas Bldg. Industry Workers Comp. Fund v. State*, 302 Kan. 656, 676, 359 P.3d 33 (2015).

To have standing to enforce the rights in a contract, a litigant must have privity of contract. *State ex rel. Stovall v. Reliance Ins. Co.*, 278 Kan. 777, 792-93, 107 P.3d 1219 (2005). "Privity of contract is that connection or relationship which exists between two or more contracting parties. It is essential to the maintenance of any action on any contract that there should subsist a privity between the plaintiff and defendant in respect of the matter sued on." *Professional Lens Plan, Inc. v. Polaris Leasing Corp.*, 234 Kan. 742, Syl. ¶ 1, 675 P.2d 887 (1984).

Here, the contracts at issue are the note and the mortgage. Angela is not a party to either contract and, therefore, lacks the privity of contract required to maintain this action. However, "[w]here a plaintiff and defendant lack privity, Kansas law allows a qualified third-party beneficiary plaintiff to enforce a contract expressly made for his or her benefit even though he or she was not a party to the transaction." *Reliance Ins. Co.*, 278 Kan. at 793. "[A]n intent to benefit a third [party] must be clearly expressed in the contract." *Fasse v. Lower Heating & Air Conditioning, Inc.*, 241 Kan. 387, 389, 736 P.2d 930 (1987). Thus, before Angela may enforce a contract or bring suit related to it, she has the burden of establishing standing and "'must show the existence of some provision in the contract that operates to [her] benefit.'" *Reliance Ins. Co.*, 278 Kan. at 793.

Angela has not alleged that she is a third-party beneficiary and cannot point to a provision in the note or the mortgage that they were executed to benefit her. Rather, Angela's counter and cross-claims seek to enforce alleged rights Maejean has under the note and the mortgage. Angela has not met her burden in showing she is a third-party

7

beneficiary of the note or the mortgage, and the district court correctly dismissed her counterclaims and cross-claims.

While Angela was later named as a party to the foreclosure action, this is due to her purportedly being an occupant of the property. Kansas law requires that tenants and occupants of property subject to foreclosure must be included in the foreclosure action "to ensure that a tenant may not have his or her leasehold interest in property automatically forfeited without the due process right of a day in court." *Citizens Bank & Trust v. Brothers Constr. & Mfg., Inc.*, 18 Kan. App. 2d 704, 709, 859 P.2d 394 (1993). However, Angela has not asserted a leasehold in the property; thus, she is without standing to raise her counterclaims and cross-claims.

B.    *Maejean's Claims*

The district court also dismissed Maejean's counterclaims and cross-claims after discovery. CitiMortgage's motion to dismiss alleged that Maejean had failed to state a claim in her counterclaims and cross-claims, meaning that dismissal was proper under K.S.A. 2018 Supp. 60-212(b)(6) for failure to state a claim upon which relief can be granted.

Again, we have unlimited review over a district court's grant of a motion to dismiss for failure to state a claim. See *Cohen*, 296 Kan. at 545. "[W]e must view the well-pleaded facts in a light most favorable to the plaintiff and assume as true those facts and any inferences reasonably drawn from them. If those facts and inferences state *any* claim upon which relief can be granted, then dismissal is improper." *Endres v. Young*, 55 Kan. App. 2d 497, 499, 419 P.3d 40, *rev. denied* 308 Kan. 1593 (2018).

8

"'The important distinction between the handling of a motion to dismiss on the one hand and a motion for summary judgment on the other is that in the former the trial court is limited to a review of the pleadings, while in the latter, *the trial court takes into consideration all of the facts disclosed during the discovery process*—affidavits, depositions, admissions, and answers to interrogatories. Thus, a party opposing a motion for summary judgment may point to or provide depositions, affidavits, or other documents to demonstrate that there are genuine issues of material fact, necessitating a trial.' (Emphasis added.) [Citation omitted.]" *Keiswetter v. State*, 304 Kan. 362, 367-68, 373 P.3d 803 (2016).

Importantly, the district court need not accept "conclusory allegations on the legal effects of events the plaintiff has set out if these allegations do not reasonably follow from the description of what happened or if these allegations are contradicted by the description itself." *Grindsted Products, Inc. v. Kansas Corporation Comm'n*, 262 Kan. 294, 303, 937 P.2d 1 (1997).

A claim for relief must contain "[a] short and plain statement of the claim showing that the pleader is entitled to relief; and . . . a demand for the relief sought." K.S.A. 2018 Supp. 60-208(a). "Each allegation must be simple, concise and direct." K.S.A. 2018 Supp. 60-208(d). Courts are to construe pleadings "so as to do justice." K.S.A. 2018 Supp. 60-208(e). But again, while we liberally construe pro se pleadings, pro se litigants and appellants may not ignore the same rules of procedure and evidence that are binding upon litigants who are represented by counsel. *In re Estate of Broderick*, 34 Kan. App. 2d at 701. Pleadings containing "conclusory, rambling, and incoherent allegations defying reason or logic" do not meet the "liberal dictates" of K.S.A. 2018 Supp. 60-208 and are subject to dismissal. *Gatlin v. Hartley, Nicholson, Hartley & Arnett, P.A.*, 29 Kan. App. 2d 318, 321, 26 P.3d 1284 (2001).

Maejean asserted the following counterclaims in her answer:

"A)

"Breach of contract*********

"ABN AMRO Mortgage group 'required' insurance********copy
attached***when defendants already had American Family Insurance *Homeowners Gold
Star Special Deluxe Form*. The extra insurance made it harder for defendants to make
mortgage payments. Defendants demand relief in the amount of $13,425.57, (115 months
@ $116.74 per month) Kansas Deceptive Trade and Practices Act Rule 8, 2013 TILA
servicing final rule. K.S.A. 16a-5-203 UCCC [*sic*].

"B)

"Breach of contract**********

a) CitiMortgage charging outrageous late fees and related delinquency fees;
(Copies attached to Motion to Dismiss). Defendants demand relief in the amount of
$493,086.20, (24 violations @ $20,000.00 each plus the 11 months of mortgage account
Information stating amount per month). Kansas Deceptive Trade and Practice Act Rule 8,
K.S.A. 16a-5-203 UCCC [*sic*].

b) Defendants claim that CitiMortgage showed gross negligence in their failure
to inform defendants of payments not being made for nine months creating 12 months
total behind mortgage payments, while working with a third party, W. T. Law, a well
know [*sic*] loan modification scam. Defendants demand relief of $180,000.00,
($20,000.00 per violation of 9 months of negligence). Kansas Deceptive Trade and
Practice Act Rule 8, K.S.A. 16a-5-203 UCCC [*sic*].

c) Defendants claim that CitiMortgage showed malice by allowing defendants to
get a total of 3 plus 9 months behind in mortgage payments, knowing there was no
recovery possible; defendant demand relief of $180,000.00 (9 months @ $20000.00 per
violation) Kansas Deceptive Trade and Practices Act Rule 8. K.SA. 16a-5-203.

"C)

1) Based on the above-described context and nature of the loan transaction
involving Wells Fargo Financial and their refinancing of the loan, is predatory in nature,

as there was no way the defendants could have paid this mortgage back. Predatory loans and deceitful acts against the elderly are prohibited by 12 CFR Part 1026, TILA 2013 servicing final rule, 2013 RESPA servicing final rule, and the Dodd-Frank Wallstreet [*sic*] Reform and Consumer Protection Act.

2) Wells Fargo Financial, Ameriquest, ABN AMRO Mortgage Group, and CitiMortgage, engaged in unconscionable actions at present. Defendants allege that these institutions engaged in predatory, deceitful acts, unconscionable acts."

Additionally, she raised the following cross-claims:

"a) Defendants claim that Wells Fargo Financial, Ameriquest, AMC, ABN AMRO Mortgage Group and CitiMortgage knowingly allowed recognize a significant risk of harm which any other reasonable person would have recognized. Breach of Duty, exposing defendants to the risk of harm.

"c) Defendants claim that Wells Fargo Financial, Ameriquest/AMC, ABN AMRO Mortgage Group, and CitiMortgage showed Intentional Tort and/or Intentional Emotional Distress;

"e) Defendants claim that Wells Fargo Financial showed malice in predatory loan; (Exhibit F), a CNNMoney article from 2011, states the loans in question were made between 2004-2008. Exhibit F. Defendants loan was refinanced in 2004 by Wells Fargo.

"2) April of 2014, defendant Maejean Scott-Jacobs suffered a stroke, creating the need of a personal care giver, costing $1,600.00 monthly. Defendants believe that the actions of these banking institutions because of their unconscionable actions, were in fact, the main cause of defendant[']s medical condition. As defendant is also elderly, the unconscionable actions of these institutions created undo [*sic*] stress, emotional, and mental abuse of the defendants."

11

Maejean also uses the following terms in other portions of her answer: predatory loans, deceitful acts, and unconscionable acts. However, the answer does not coherently tie these terms to any specific factual allegation or cause of action.

CitiMortgage tried to discern the specific claims Maejean was asserting and the alleged facts to support those claims through the discovery process by serving her with interrogatories, requests for production, and requests for admission. Unfortunately, Maejean did not provide any substantive response to the interrogatories or requests for production.

Although pro se pleadings are liberally construed, even a liberal construction cannot overcome the answer's deficiencies. Maejean failed to comply with K.S.A. 2018 Supp. 60-208's pleading requirements and failed to state any counter or cross-claims upon which relief may be granted. The district did not err in dismissing these claims.

II.     DID THE DISTRICT COURT ERR IN GRANTING SUMMARY JUDGMENT ON THE PETITION FOR MORTGAGE FORECLOSURE?

Angela and Maejean argue that the district court improperly granted summary judgment for CitiMortgage on its mortgage foreclosure petition.

The standards for summary judgment are well known:

"'Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The trial court is required to resolve all facts and inferences which may reasonably be drawn from the evidence in favor of the party against whom the ruling is sought. When opposing a motion for summary judgment, an adverse party must come forward with evidence to establish a dispute as to a material fact. In order to preclude

12

summary judgment, the facts subject to the dispute must be material to the conclusive issues in the case. On appeal, we apply the same rules and when we find reasonable minds could differ as to the conclusions drawn from the evidence, summary judgment must be denied.' [Citation omitted.]" *Patterson v. Cowley County, Kansas*, 307 Kan. 616, 621, 413 P.3d 432 (2018).

We review the district court's denial of a motion for summary judgment de novo, viewing the facts in the light most favorable to the party opposing summary judgment. "If 'reasonable minds could differ as to the conclusions drawn from the evidence'—in other words, if there is a genuine issue about a material fact—summary judgment should be denied." *Siruta v. Siruta*, 301 Kan. 757, 766, 348 P.3d 549 (2015).

"[A]n issue of fact is not genuine unless it has legal controlling force as to the controlling issue. A disputed question of fact which is immaterial to the issue does not preclude summary judgment. Stated another way, if the disputed fact, however resolved, could not affect the judgment, it does not present a genuine issue" for purposes of summary judgment. *Northern Natural Gas Co. v. ONEOK Field Services Co.*, 296 Kan. 906, 934, 296 P.3d 1106, *cert. denied* 571 U.S. 826 (2013).

A. *Maejean and Angela Failed to Comply with Supreme Court Rule 141 and Failed to Demonstrate a Genuine Dispute of Material Fact.*

Before turning to the merits of the summary judgment ruling, we note that Maejean and Angela's response to CitiMortgage's motion for summary judgment did not comply with Supreme Court Rule 141 (2019 Kan. S. Ct. R. 211), which controls the summary judgment procedure in the district court. Supreme Court Rule 141(b)(1) requires an opposing party's response to a motion for summary judgment to

13

"state—in separately numbered paragraphs that correspond to the numbered paragraphs of movant's memorandum or brief—whether each of movant's factual contentions is:

"(A)    uncontroverted;

"(B)    uncontroverted for purposes of the motion only; or

"(C)    controverted, and if controverted:

(i)    concisely summarize the conflicting testimony or evidence and any additional genuine issues of material fact that preclude summary judgment; and

(ii)    provide precise references as required in subsection (a)(2)."

(2019 Kan. S. Ct. R. 211.)

Supreme Court Rule 141(a)(2) requires each fact be supported by "precise references to pages, lines, and/or paragraphs or to a time frame if an electronic recording of the portion of the record" is relied on. (2019 Kan. S. Ct. R. 211.)

While Maejean and Angela's response to CitiMortgage's statement of uncontroverted facts does state whether each fact was controverted, Maejean and Angela failed to provide citations to any affidavits or declarations setting out the specific facts showing a genuine issue for trial. "Rule 141 is not just fluff—it means what it says and serves a necessary purpose." *McCullough v. Bethany Med. Center*, 235 Kan. 732, 736, 683 P.2d 1258 (1984). "Refusal to follow these rules may often indicate a lack of substance in the parties' arguments that is attempted to be camouflaged through vagueness. A party ignores Rule 141 at its peril." *Bus. Opportunities Unlimited, Inc. v. Envirotech Heat. & Cooling, Inc.*, 26 Kan. App. 2d 616, 618, 992 P.2d 1250 (1999). An opposing party responding to a properly made and supported motion for summary judgment

"may not rely merely on allegations or denials in its own pleading; rather, its response must, by affidavits or by declarations pursuant to K.S.A. 53-601, . . . set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary

14

judgment should, if appropriate, be entered against that party." K.S.A. 2018 Supp. 60-256(e)(2).

Maejean and Angela did not so respond.

Maejean and Angela argue that the affidavit supporting CitiMortgage's motion for summary judgment was fabricated, hearsay, and did not comply with Supreme Court Rule 113 because it did not include a payment history. These arguments are meritless. First, Maejean and Angela have provided no evidence that the affidavit was fabricated, and the record shows otherwise, as it was sworn to before a notary public. Second, Maejean and Angela have failed to demonstrate how the affidavit is hearsay; in fact, such an affidavit is specifically permitted under K.S.A. 2018 Supp. 60-256(a). Third, Kansas Supreme Court Rule 113 (2019 Kan. S. Ct. R. 190) applies to a clerk's extension and has nothing to do with affidavits or payment histories in foreclosure cases.

Maejean and Angela failed to properly controvert any material fact raised by CitiMortgage. The district court did not err in granting summary judgment.

B.      *CitiMortgage is Entitled to Summary Judgment on its Petition for Mortgage Foreclosure.*

Even if we ignore the deficiencies in Maejean and Angela's response to CitiMortgage's motion for summary judgment, the record also supports the merits of the district court's grant of summary judgment to CitiMortgage on its mortgage foreclosure petition.

"'The main purpose of a mortgage is to insure the payment of the debt for which [it] stands as security; and foreclosure is allowed when necessary to carry out that objective.'" *Bank of America v. Inda*, 48 Kan. App. 2d 658, 664, 303 P.3d 696 (2013)

15

(quoting *United States v. Loosley*, 551 P.2d 506, 508 [Utah 1976]). "[S]ummary judgment in a mortgage foreclosure action [is proper when] undisputed evidence in the record [proves] that the defendant signed a promissory note secured by a mortgage; that the plaintiff is the valid holder of the note and the mortgage, and that the defendant has defaulted on the note." 48 Kan. App. 2d at 664; see *Cornerstone Homes v. Skinner*, 44 Kan. App. 2d 88, 97-98, 235 P.3d 494 (2010). When a loan is in default the mortgagee is entitled to judgment on the note and foreclosure of its mortgage on the real estate securing the note. *Daniels v. Army National Bank*, 249 Kan. 654, 660-61, 822 P.2d 39 (1991).

> 1. *Maejean and Russell executed the note and secured it with the mortgage.*

First, the uncontroverted affidavit supporting CitiMortgage's motion for summary judgment establishes that Maejean and Russell executed the note and the mortgage.

Second, while Maejean states in her answer that she has no recollection of executing a note and mortgage with ABN AMRO, this response is not a specific denial sufficient to defeat summary judgment.

"A note is a negotiable instrument, which is governed in Kansas by Article 3 of the Uniform Commercial Code (UCC), K.S.A. 84-1-101 *et seq*." *FV-I, Inc. v. Kallevig*, 306 Kan. 204, 214, 392 P.3d 1248 (2017). K.S.A. 84-3-308(a) requires a specific denial of a signature on each instrument. See *United States v. Country Kettle, Inc.*, 738 F. Supp. 1358, 1361 (D. Kan. 1990) (general denial insufficient under K.S.A. 84-3-307 to preserve defense nonsignature). Maejean's statement is not a denial of her signature—it is a denial that she recollects signing the note. This response suggests Maejean may not remember signing the document, not that she disputes it is her signature on the instrument, which is

16

an important distinction. She also failed to introduce any evidence that would support a finding that the signature was forged or unauthorized.

While the UCC is not applicable to the mortgage, any claim that her signature on that document is inauthentic is refuted by the fact that Maejean never denied signing the mortgage, only that she does not recall doing so.

Third, any assertion by Maejean that her signatures on the note and mortgage are inauthentic is trumped by the fact that she admitted to signing the note and mortgage in her 2011 bankruptcy case. Maejean included the note and mortgage in her schedules and, under penalty of perjury, stated she intended to reaffirm the debt to CitiMortgage secured by the property in dispute in this appeal. Maejean's judicial admissions in her bankruptcy case preclude her from now denying that she executed them.

It is appropriate at this point to address another one of Maejean's arguments: that she has in her possession a note and mortgage stamped "PAID IN FULL AND SATISFIED" and, therefore, the note and the mortgage that CitiMortgage provided is fraudulent. Maejean refers multiple times to an Ameriquest loan and claims there must be a transfer of the loan and assignment of the mortgage from Ameriquest to the Federal Home Loan Mortgage Corporation to ABN AMRO/CitiMortgage for CitiMortgage to legally foreclose.

It is true that there is an Ameriquest loan document stamped "PAID IN FULL AND SATISFIED" appearing in the record on appeal. But an examination of the record demonstrates this is a separate loan from the note and the mortgage at issue here. The Ameriquest loan was executed in 2004 with an adjustable interest rate beginning at 7.99%. The note and the mortgage at issue here were executed in 2006 with a fixed interest rate of 6.5%. The district court concluded that Maejean and Russell refinanced

17

the Ameriquest loan with the ABN AMRO loan to obtain a lower and fixed interest rate. The district court elaborated:

> "[I]t is abundantly clear that Defendants confuse the existence of a prior loan and mortgage with Ameriquest entered in 2004, one obviously paid off, with the subject loan underlying this case entered in 2006. Some recognition of this is evidenced, or should have been evidenced, by Defendants' February 2, 2018 pleading. Simply, nothing Defendants have proffered stands as sufficient to rebut any fact asserted by Plaintiff in its summary judgment motions nor could stand as an independent basis for dismissal of Plaintiff's suit."

Maejean's confusion about which loan was satisfied is not enough to defeat the otherwise well-supported fact that she executed the note and the mortgage at issue in this case. As a result, this element of mortgage foreclosure is satisfied.

> 2. *CitiMortgage is the Owner and Holder of the Note and is Entitled to Enforce the Same.*

Maejean argues that CitiMortgage lacked standing to bring this foreclosure action because it was not in possession of the note.

As discussed above, standing is a jurisdictional question over which we have unlimited review. See *Gannon v. State*, 298 Kan. 1107, 1122, 319 P.3d 1196 (2014). In a foreclosure case, standing is predicated on the plaintiff's ability to show that it was in possession of the note with enforcement rights at the time it filed the foreclosure action. *FV-I, Inc.*, 306 Kan. at 228. Under the UCC, a plaintiff is "entitled to enforce a note upon a showing (1) that the note was made payable to [the plaintiff] or was endorsed in blank and (2) [the plaintiff is] in possession of the note." *FV-I*, 306 Kan. at 215. "It is a well-established general rule that the possession of negotiable paper proves *prima facie* the ownership of the holder." *King v. Bellamy*, 82 Kan. 301, 302, 108 P. 117 (1910).

18

"'[A] foreclosure plaintiff may satisfy pleading requirements by simply alleging that it is the holder of the note without attaching any additional documentary evidence, but when a defendant subsequently raises the defense that the plaintiff lacks standing to foreclose, the plaintiff must then prove that it held the note *at the time of filing*. Attaching the note to the complaint is not the only means of proving that the plaintiff held the note at the time of filing because standing can also be proven through a dated indorsement establishing when the note was indorsed to the plaintiff.'" *FV-I*, 306 Kan. at 219 (quoting *Deutsche Bank Nat. Trust Co. v. Johnston*, 369 P.3d 1046, 1055-56 [N.M. 2016]).

As we have stated, under K.S.A. 2018 Supp. 84-3-104, a note is a negotiable instrument subject to Article 3 of the UCC. Under K.S.A. 84-3-301, an individual entitled to enforce an instrument can be any of the following:

"(a) the holder of the instrument, (b) a nonholder in possession of the instrument who has the rights of a holder, or (c) a person not in possession of the instrument who is entitled to enforce the instrument under K.S.A. 84-3-309 or 84-3-418(d). A person may be a person entitled to enforce the instrument even though the person is not the owner of the instrument or is in wrongful possession of the instrument."

A "holder" is a "person in possession of a negotiable instrument that is payable either to bearer or to an identified person [who] is the person in possession." K.S.A. 2018 Supp. 84-1-201(21)(A). Additionally, under K.S.A. 84-3-205(b), like here, a note can be endorsed "in blank," which means the "instrument becomes payable to bearer and may be negotiated by transfer of possession alone until specially endorsed."

CitiMortgage attached a copy of the note and the mortgage to the petition for mortgage foreclosure, as was done in *Nationstar Mortgage LLC v. Unknown Heirs of Jackson*, No. 120,155, 2019 WL 3047188, at *1-2 (Kan. App. 2019) (unpublished opinion). Maejean argues that CitiMortgage's failure to attach the true original "blue-ink" version of the note and mortgage leaves CitiMortgage without standing. But Maejean points to no authority that such an attachment is the only way a foreclosing party may

19

gain standing. There is no evidence in the record on appeal that CitiMortgage withheld or prevented examination of the original documents by Maejean, and Maejean had the opportunity to review the original note. See *Bank of New York Mellon v. Akande*, No. 108,851, 2014 WL 3731901, at \*2-3 (Kan. App. 2014) (unpublished opinion). Practically speaking, it would be highly imprudent to attach an original note endorsed in blank, as is the note here, because with such an endorsement any holder of the note could enforce it. See K.S.A. 84-3-301; K.S.A. 2018 Supp. 84-1-201(21)(A). Importantly, Maejean stipulated before the district court that CitiMortgage was in physical possession of the original note. Given this, the district court properly concluded that CitiMortgage was the owner and holder of the note and mortgage with the authority to enforce them.

Before addressing the final element, we address another incidental argument made by Maejean throughout her brief regarding possession of the mortgage:  the merger of ABN AMRO with CitiMortgage. Maejean appears to argue that an assignment of the mortgage from ABN AMRO to CitiMortgage is required for CitiMortgage to enforce the mortgage.

Maejean's argument fails to address the fact ABN AMRO merged into and became CitiMortgage in 2007. Accordingly, no assignment of the mortgage was needed. Moreover, Kansas law does not require a formal assignment of the mortgage from ABN AMRO to CitiMortgage. Kansas law works "to keep the note and the mortgage together based on the intent of the transferring parties." *FV-I*, 306 Kan. at 227; see *MetLife Home Loans v. Hansen*, 48 Kan. App. 2d 213, 224, 286 P.3d 1150 (2012).

In order for Maejean's assignment argument to have merit, there must be some evidence that ABN AMRO did not intend for the mortgage to be transferred with the note. Maejean has failed to present that evidence.

20

3. *Maejean and Russell were in default.*

Finally, it is undisputed that Maejean and Russell were in default. CitiMortgage's uncontroverted affidavit demonstrates that there were damages of more than $250,000. Maejean has failed to come forward with any admissible or credible evidence contradicting the evidence that she and Russell were in default.

C. *CitiMortgage is Entitled to Summary Judgment Against Angela as an Occupant of the Property.*

Angela is a party to this case because she has declared herself to be an occupant of the property. See *Citizens Bank & Trust*, 18 Kan. App. 2d at 707. However, there is no authority that supports the position that, once named as a party, an occupant can assert the rights of the property owner or the rights of any other party, and Angela does not direct us to any such authority.

Angela does not argue her occupancy interest as a defense to the foreclosure action in her answer. Even if she had, CitiMortgage's mortgage would take priority over Angela's occupancy interest, as there is no assertion that any possible leasehold is senior to the mortgage. See 18 Kan. App. 2d at 709; *Wheat v. Brown*, 3 Kan. App. 431, 435, 43 P. 807 (1896).

The district court thus properly granted summary judgment against Angela as an occupant of the property.

D. *Maejean's Affirmative Defenses do not Preclude Summary Judgment.*

Maejean and Angela list 13 affirmative defenses in their answer to the petition for mortgage foreclosure: (1) failure to show a chain of title of the mortgage and the note in

the petition; (2) failure to attach the original mortgage and note to the petition; (3) failure of two conditions precedent required before suing and/or accelerating the note—first, they never received notice of how ABN AMRO transferred servicing to CitiMortgage, and second, there was no disclosure of credit terms; (4) CitiMortgage failed to state a cause of action based on the first three affirmative defenses; (5) the statute of limitations ran; (6) CitiMortgage was liable for breach of contract for charging outrageous fees; (7) CitiMortgage was responsible for Maejean falling behind in mortgage payments while seeking a loan modification through a well-known scam; (8) CitiMortgage did not comply with the rules and regulations of the federal "Making Home Affordable" program; (9) CitiMortgage's requirement that Maejean maintain PMI while also maintaining homeowners' insurance made payments harder to make; (10) CitiMortgage violated Dodd-Frank and the Consumer Protection Act; (11) CitiMortgage's above listed actions in the affirmative defenses made the mortgage and note unconscionable and, therefore, unenforceable; (12) CitiMortgage engaged in deceptive practices (without elaboration); and (13) CitiMortgage breached good faith and fair dealings (also without elaboration).

A party asserting an affirmative defense "has an obligation to come forward with evidence on summary judgment that would allow a jury to find those facts necessary to show" the defense applies. *Golden v. Den-Mat Corporation*, 47 Kan. App. 2d 450, 497, 276 P.3d 773 (2012). "An affirmative defense must be pled so that it provides an opponent with fair notice of the nature of the defense. . . . A general denial does not provide notice." *In re Estate of Tracy*, 36 Kan. App. 2d 401, 404, 140 P.3d 1045 (2006), *disapproved of on other grounds by In re Estate of Strader*, 301 Kan. 50, 339 P.3d 769 (2014).

Maejean and Angela's affirmative defenses need not be addressed because they make no attempt to allege any admissible factual support for such defenses.

## III. DO ANY REMAINING CLAIMS HAVE MERIT?

Remaining to be resolved are Maejean and Angela's alleged violations of various federal laws regarding mortgage lending, repayment practices, and consumer protections as well as requests for declaratory and injunctive relief, quiet title, and any and all damages that we deem just and fair.

Moving first to Maejean and Angela's assertion that CitiMortgage violated numerous federal laws, a review of their brief reveals that this issue has been waived or abandoned. The entirety of the argument presented on appeal reads: "Plaintiffs violated the Home Loan Protection Act (HLPA), The Truth in Lending Act (TILA), RESPA, and the Pooling and Servicing Agreement (PSA)." There is no other discussion.

"Issues not adequately briefed are deemed waived or abandoned. This includes 'point[s] raised only incidentally in a brief but not argued there.'" *Russell v. May*, 306 Kan. 1058, 1089, 400 P.3d 647 (2017). Maejean and Angela have failed to brief this issue, and thus we deem this issue waived or abandoned. Given that none of Maejean and Angela's issues on appeal are meritorious, their request for quiet title and damages must also fail.

The district court properly granted CitiMortgage's motion for summary judgment on its mortgage foreclosure petition and properly entered an in rem judgment on the property.

Affirmed.