29 Kan. App.2d 318 (2001)
26 P.3d 1284
RONALD V. GATLIN, Appellant,
v.
HARTLEY, NICHOLSON, HARTLEY & ARNETT, P.A., Appellee.
No. 85,924.
Court of Appeals of Kansas.
Opinion filed June 15, 2001.
Ronald V. Gatlin, of Louisburg, appellant pro se.
Peter J. Vanderwarker and James D. Griffin, of Blackwell, Sanders, Peper, Martin, LLP, of Overland Park, for appellee.
Before GREEN, P.J., KNUDSON, J., and PHILIP C. VIEUX, District Judge, assigned.
KNUDSON, J.:
Ronald V. Gatlin brought this civil action against his former spouse's law firm, Hartley, Nicholson, Hartley & Arnett, P.A., in a 17-page petition containing incomprehensible and convoluted allegations. Rather than grant the defendant's motion to dismiss the petition for failure to state a claim, the district court directed Gatlin to file an amended petition with allegations and claims to be concisely stated. The court also ordered
"that plaintiff include in his amended petition the relief being sought on his claims of defamation, abuse of process and conflict of interest, as well as legal arguments and authority on the issue of whether the Court has the power to grant the requested *319 relief. The Court stated [sic] that if the amended petition ... did not contain all of the elements listed above, plaintiff's action would be dismissed."
Although the court gave no statutory citation in support of its order, we conclude the court's order was appropriate under K.S.A. 60-212(e), which states:
"If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, such party may move for a more definite statement before interposing such party's responsive pleadings. The motion shall point out the defects complained of and the details desired. If the motion is granted and the order of the judge is not obeyed within 10 days after notice of the order or within such time as the court may fix, the judge may strike the pleading to which the motion was directed or make such order as the judge deems just."
Gatlin's amended petition was a rehash of the allegations in the original petition, and there was no effort to provide legal arguments or authorities to support his amorphous claims. The district court dismissed Gatlin's petition for failure to state a claim upon which relief can be granted, pursuant to K.S.A. 60-212(b)(6). Gatlin appeals. We affirm.
Gatlin fails to provide this court with an appropriate standard of review as required under the rules of appellate practice. See Supreme Court Rule 6.02(e) (2000 Kan. Ct. R. Annot. 35). The defendant contends abuse of discretion to be our standard of review. We disagree. The correct standard is clearly set out in Grindsted Products, Inc. v. Kansas Corporation Comm'n, 262 Kan. 294, 302-03, 937 P.2d 1 (1997):
"[T]he question must be decided from the well-pleaded facts of plaintiff's complaint. Dismissal is justified only when the allegations of the petition clearly demonstrate plaintiff does not have a claim.
"In considering a motion to dismiss for failure of the petition to state a claim for relief, a court must accept the plaintiff's description of that which occurred, along with any inferences reasonably to be drawn therefrom. However, this does not mean the court is required to accept conclusory allegations on the legal effects of events the plaintiff has set out if these allegations do not reasonably follow from the description of what happened or if these allegations are contradicted by the description itself. [Citations omitted.]"
In its order dismissing plaintiff's action, the district court stated:

*320 "Upon hearing oral arguments and considering the submissions from both parties, the Court finds that plaintiff has not complied with the March 7, 2000 Order. Although the Amended Petition was timely filed, it does not include the specific remedies being sought by the plaintiff, nor does it include any persuasive authority to support the plaintiff's claims. On the claim of conflict of interest, plaintiff cites to the Model Rules of Professional Conduct. However, Kansas case law holds that an alleged violation of the professional conduct rules does not create a private cause of action against an attorney in favor of a third party. On the defamation claim, plaintiff has failed to provide any authority as to how he could overcome the privilege that exists in Kansas for communications made in the course of litigation or related to judicial proceedings. Likewise, plaintiff has failed to provide the requested relief and specific authority for his abuse of process claim. Furthermore, plaintiff has not provided any allegations sufficient to state a cause of action for abuse of process."
The district court's findings and conclusions are well founded.
Violation of the Model Rules of Professional Conduct does not create a cause of action against an attorney in favor of an adverse party. OMI Holdings, Inc. v. Howell, 260 Kan. 305, Syl. ¶ 1, 918 P.2d 1274 (1996).
The elements of defamation are: (1) false and defamatory words, (2) communicated to a third party, (3) which result in harm to the reputation of the person defamed. Dominguez v. Davidson, 266 Kan. 926, 930, 974 P.2d 112 (1999). In the present appeal, the plaintiff first complains of a statement the adverse party's attorney made to him. That statement cannot form the basis of a defamation claim because it was not communicated to a third party. Second, plaintiff complains of a statement in a letter from the attorney to one of the plaintiff's attorneys. The statement was a privileged communication, see Restatement (Second) of Torts § 586 (1976), and, in any event, does not contain any defamatory words that would support a cause of action. Finally, plaintiff alleges the attorney told a third party, "`[Gatlin] isn't ... totally innocent in all this, there are things about him you don't know.'" This statement constitutes personal opinion and hyperbole, not defamation. See Liqui-Box Corp. v. Stein, 98 Ohio App.3d 481, 484, 648 N.E.2d 904 (1994).
Plaintiff's representation of a claim for abuse of process is also facially deficient. An abuse of process claim concerns the improper use of process after it has been issued. Jackson & Scherer, Inc. v. *321 Washburn, 209 Kan. 321, 331, 496 P.2d 1358 (1972). Plaintiff does not assert any misuse of the divorce court's power. The process employed was that intended by law.
We conclude plaintiff's amended petition fails to state a claim upon which relief can be granted; thus, the district court did not err in its dismissal of the action.
There is another substantial reason the district court's action was proper under the specific averments of plaintiff's petition and amended petition. K.S.A. 2000 Supp. 60-208(a)(1) requires that a petition set forth "[a] short and plain statement of the claim showing that the pleader is entitled to relief." K.S.A. 2000 Supp. 60-208(e)(1) provides "[e]ach averment of a pleading shall be simple, concise and direct." K.S.A. 2000 Supp. 60-208 is similar to Fed. R. Civ. Proc. 8.
In Levine v. County of Westchester, 828 F. Supp. 238, 241 (S.D.N.Y. 1993), the court explained: "`[C]omplaints which ramble, which needlessly speculate, accuse and condemn, and which contain circuitous diatribes far removed from the heat of the claim do not comport with these goals and this system' and must be dismissed."
So it was with the petition and amended petition before the district court in this proceeding. Those pleadings contained conclusory, rambling, and incoherent allegations defying reason or logic. The plaintiff's failure to reasonably meet the liberal dictates of K.S.A. 2000 Supp. 60-208(a)(1) and (e)(1) also justifies the district court's dismissal of the underlying lawsuit.
Affirmed.