NOT DESIGNATED FOR PUBLICATION

No. 121,661

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

JOHN S. MYZER,
*Appellant*,

v.

TERESA BALDWIN, et al.,
*Appellees*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JEFFREY E. GOERING, judge. Opinion filed November 6, 2020. Affirmed.

*John S. Myzer*, appellant pro se.

*Steven C. Day* and *Chris S. Cole*, of Woodard, Hernandez, Roth & Day, LLC, of Wichita, for appellees.

Before GARDNER, P.J., BUSER and BRUNS, JJ.

PER CURIAM: John S. Myzer—who is acting pro se—appeals from the district court's dismissal of his lawsuit in which he alleged that numerous named defendants engaged in a fraudulent scheme to conceal his true identity. Specifically, Myzer alleged in his petition that the defendants—who are living and deceased members of his family—conspired over several decades to hide their own identities in order to prevent him from knowing his true name. Although Myzer presents several arguments in his brief, the primary issue presented on appeal is whether the district court erred in granting the

defendants' motion to dismiss. Based on our review of the record on appeal, we find that the district court appropriately dismissed this action. Thus, we affirm.

FACTS

The parties are familiar with the underlying factual allegations as well as the prior federal litigation history. As such, we will not discuss the facts in detail. Instead, we will briefly summarize the factual allegations and the procedural history here and discuss additional facts as necessary in the analysis section of this opinion.

On March 7, 2019, Myzer filed a petition in which he alleged that the actions of the defendants were "fraudulent" and were taken to conceal his true identity from him within a couple of years from the time of his birth on or about 1966. Moreover, he contended that the named defendants—some of whom are now deceased—were not actually his family members. Rather, he suggested that they have used fictitious names in furtherance of the alleged fraudulent conspiracy. He also alleged that as a part of the alleged conspiracy, the named defendants unlawfully placed him under surveillance.

As Myzer acknowledges in his petition, he "attempted to sue the defendants in 2003 in the United States District Court of Kansas . . . and the case was dismissed with prejudice." Specifically, the Honorable Kathryn H. Vratil dismissed the federal lawsuit on October 25, 2004. *Myzer v. Bush*, No. 03-2504-KHV, 2004 WL 734496, at *1 (D. Kan. 2004) (unpublished opinion). Over 13 years later, on February 5, 2018, Myzer moved to set aside the dismissal of the 2003 federal action under Federal Rule of Civil Procedure 60(b). On March 9, 2018, the United States District Court for the District of Kansas denied his motion. *Myzer v. Bush*, No. 03-2504-KHV, 2018 WL 1242074, at *1 (D. Kan. 2018) (unpublished opinion).

In turn, the United States Court of Appeals for the Tenth Circuit affirmed the denial of Myzer's motion to set aside on September 13, 2018. *Myzer v. Bush*, 750 Fed. Appx. 644, 649 (10th Cir. 2018) (unpublished opinion), *cert. denied* 139 S. Ct. 1189 (2019). In its ruling, the Tenth Circuit found that a dismissal for failure to state a claim upon which relief may be granted "is considered an adjudication on the merits." 750 Fed. Appx. at 649. Subsequently, on February 19, 2019, the United States Supreme Court denied Myzer's petition for certiorari. *Myzer v. Bush*, 139 S. Ct. 1189 (2019).

In the present case, the named defendants filed a joint answer on April 16, 2019. In addition to generally denying Myzer's claims, they asserted the affirmative defenses of failure to state a claim upon which relief could be granted, statute of limitations, statute of repose, doctrine of laches, and res judicata. On the same day, the named defendants filed a motion to dismiss.

On May 15, 2019, the district court held a hearing on the motion to dismiss. At the conclusion of the hearing, the district court granted the motion to dismiss. In doing so, the district court found—among other things—that the claims asserted in Myzer's petition were barred by the two-year statute of limitations because he knew about the alleged fraudulent conspiracy at least as early as 2003 when he filed his complaint in federal court.

The district court also found that the allegations of fraud in the petition were not pled with particularity as required by Kansas law. Additionally, the district court found that the other allegations in the complaint were pled in a conclusory manner. Finally, the district court found that the doctrine of res judicata barred Myzer's claims in light of the decisions of the federal district court in the related lawsuit.

In addition to ruling from the bench, the district court entered a minute order following the hearing, which stated that the motion to dismiss was granted and the "ruling

3

from the bench incorporated by reference." About two weeks later, Myzer filed a motion to alter or amend the order granting the motion to dismiss. At a hearing held on July 1, 2019, the district court denied the motion to alter or amend. Thereafter, Myzer filed a timely notice of appeal.

ANALYSIS

On appeal, the primary issue presented is whether the district court erred by granting the motion to dismiss filed by the named defendants. Whether a district court erred by granting a motion to dismiss is a question of law subject to unlimited review. *Cohen v. Battaglia*, 296 Kan. 542, 545-46, 293 P.3d 752 (2013). When a district court has granted a motion to dismiss, we "must accept the facts alleged by the plaintiff as true, along with any inferences that can reasonably be drawn therefrom." 296 Kan. at 546. Likewise, if a district court's dismissal involves the interpretation of a statute, our review is unlimited. *Knop v. Gardner Edgerton U.S.D. No. 231*, 41 Kan. App. 2d 698, 709, 205 P.3d 755 (2009).

*Subject Matter and Personal Jurisdiction*

At the outset, we will address Myzer's argument that the district court's order dismissing his petition was issued without jurisdiction. "A court must have the power to decide the claim before it (subject-matter jurisdiction) and power over the parties before it (personal jurisdiction) before it can resolve a case." *In re Marriage of Williams*, 307 Kan. 960, 968, 417 P.3d 1033 (2018) (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583-85, 119 S. Ct. 1563, 143 L. Ed. 2d 760 [1999]). Unfortunately, Myzer does not expressly identify whether he is referring to subject matter jurisdiction or personal jurisdiction. Regardless, whether jurisdiction—either subject matter or personal—exists is a question of law over which our review is unlimited. *In re Care & Treatment of Emerson*, 306 Kan. 30, 34, 392 P.3d 82 (2017).

4

K.S.A. 20-301 provides that "[t]here shall be in each county a district court, which shall be a court of record, and shall have general original jurisdiction of all matters, both civil and criminal, unless otherwise provided by law." In other words, unless Kansas law specifically provides otherwise, district courts have subject matter jurisdiction to hear all civil and criminal cases. *In re Marriage of Williams*, 307 Kan. at 967-68. Because Myzer has not cited us to any authority to suggest that the district court did not have authority to hear this matter, we find as a matter of law that the district court had subject matter jurisdiction in this case.

Based on the arguments set forth in Myzer's brief, it appears more likely that he is actually suggesting that the district court did not have personal jurisdiction over the parties. However, we note that on April 3, 2019, Steven C. Day—a licensed attorney in the State of Kansas—entered an appearance on behalf of each of the named defendants who were identified as still living. Under K.S.A. 2019 Supp. 60-203(c), "[t]he filing of an entry of appearance has the same effect as service." See K.S.A. 2019 Supp. 60-303(e) (voluntary appearance by party is equivalent to service); *Fisher v. DeCarvalho*, 298 Kan. 482, Syl. ¶ 5, 314 P.3d 214 (2013).

In addition to filing an entry of appearance on behalf of these defendants, Day also filed an answer and a motion to dismiss on their behalf. As a result, we find these defendants personally submitted to the jurisdiction of the district court in order to assert their defenses. Undoubtedly, those named as defendants who are still living had a right to defend the allegations Myzer asserted against them in his petition. This would include the right to defend against his claim that they are imposters. Accordingly, we conclude that the district court had personal jurisdiction over the living defendants.

*Claims Against Deceased Defendants*

Myzer stated in his petition that at least three of the named defendants "are recorded as having died years ago." Those specifically identified as falling within this category are Joseph Myzer, Marguerite Myzer, and Sherman Myzer. Under Kansas law, a person's individual capacity to respond to damages for torts—including claims of fraud—ceases at his or her death. After a person dies, any claim for relief must be asserted against his or her estate. See *Vorhees v. Baltazar*, 283 Kan. 389, 395, 153 P.3d 1227 (2007); *Egnatic v. Wollard*, 156 Kan. 843, 856, 137 P.2d 188 (1943). In addition, absent the appointment of an administrator or an executor, an estate lacks the authority to sue or be sued. *Vorhees*, 283 Kan. at 395.

K.S.A. 59-2239—the Kansas nonclaim statute—provides that creditors must make demand against an estate within four months from the date of first publication of the opening of a decedent's estate. If no estate has been opened, a petition for probate must be filed within six months. Because the nonclaim statute works as a special statute of limitations governing claims against a decedent's estate, it bars claims against a decedent's estate that are not timely filed. See *Nelson v. Nelson*, 288 Kan. 570, 591, 205 P.3d 715 (2009). If a claim is based on a tort, the nonclaim statute provides an exception that may extend the time for a claim up until the applicable statute of limitations for that particular tort. See K.S.A. 59-2239(2).

To pursue a claim under this exception, "the estate of the decedent may be opened or reopened, a special administrator appointed, and suit filed against the administrator within the period of the statute of limitations for such action." K.S.A. 59-2239(2). The record does not show that Myzer pursued any of these steps. As such, we find that any claims against the three individuals reported to be deceased were barred. Likewise, even if they are still alive—which Myzer suggested was a possibility—there is no allegation that they have been served with process or otherwise appear in this case.

6

*Statute of Limitations*

Myzer also contends that the district court erred in finding that the purported claim set forth in his petition is barred by the statute of limitations. As the parties recognize, this issue involves a question of law over which we exercise unlimited review. See *Mashaney v. Board of Indigents' Defense Services*, 302 Kan. 625, 630, 355 P.3d 667 (2015). As indicated above, the defendants asserted the statute of limitations as a defense both in their answer as well as in their motion to dismiss. See K.S.A. 2019 Supp. 60-208(c)(1)(P). Hence, the issue is properly before this court.

In his petition, Myzer asserted that "[t]he actions described . . . were fraudulent because the plaintiff's identity (and possibly property) were concealed from and actively misrepresented to him." Pursuant to K.S.A. 60-513(a)(3), an action for fraud must be brought within two years after the fraud is discovered. As the district court pointed out, Myzer admitted in his petition that he "attempted to sue the defendants in 2003 in the United States District Court of Kansas . . . and the case was dismissed with prejudice."

It is important to recognize that fraud is based on an untrue statement or act made with the intent to deceive or recklessly made with disregard for the truth. To prevail on a claim of fraud, a plaintiff must show that he or she justifiably relied on a statement or act to his or her detriment. See *Alires v. McGehee*, 277 Kan. 398, 403, 85 P.3d 1191 (2004); PIK Civ. 4th 127.40 (2016 Supp.). Since Myzer was aware of the alleged fraudulent conspiracy to conceal his true identity when he filed his federal lawsuit in 2003, he could not have justifiably relied on any statement or act by the defendants after that time.

As reflected on the face of the petition, Myzer was aware of the alleged fraudulent conspiracy by the defendants at least by 2003 when he filed his complaint in federal court. In particular, similar to this case, Myzer alleged in his federal lawsuit "that the defendants participated in a conspiracy to conceal his true identity in order to prevent him

7

from receiving his inheritance." *Myzer*, 750 Fed. Appx. at 645. Moreover, in the federal lawsuit, Myzer asserted that the defendants carried out this alleged conspiracy "for the sole purpose of perpetrating a fraud on plaintiff." *Myzer*, 2004 WL 7344968, at *1. Accordingly, we conclude that this lawsuit—which was filed in 2019—is barred by the statute of limitations.

Myzer suggests that the statute of limitations was tolled for a period of time because he was mentally incompetent for many years. K.S.A. 60-515(a) provides that any person entitled to bring an action that was incapacitated "shall be entitled to bring such action within one year after the person's disability is removed." A review of the record reveals that Myzer represented to the district court that he had "overcome this disability" as of the time he filed his motion to set aside the federal dismissal under Federal Rule of Civil Procedure 60(b)(4). As such, even if we assume that he was mentally incompetent prior to that time, it is undisputed that Myzer did not file this action until more than a year after he filed his Rule 60(b)(4) motion in federal court.

*Failure to Plead Fraud with Particularity*

Further, Myzer argues that the district court erred in dismissing his petition because it contained sufficient facts necessary to support his claim. As a general rule, Kansas requires that a petition include a "short and plain statement of the claim showing that the pleader is entitled to relief" and a "demand for the relief sought." K.S.A. 2019 Supp. 60-208(a). However, an exception to the general rule of notice pleading exists for claims alleging fraud.

Under K.S.A. 2019 Supp. 60-209(b), a plaintiff alleging fraud "must state with particularity the circumstances constituting fraud." The statutory requirement to plead fraud with particularity is strictly enforced. *Palmer v. Brown*, 242 Kan. 893, 901, 752 P.2d 685 (1988); *Newcastle Homes v. Thye*, 44 Kan. App. 2d 774, 788, 241 P.3d 933

(2010). Consequently, a plaintiff alleging fraud must provide details in his or her petition as to each and every element of the claim of fraud. 44 Kan. App. 2d at 788.

The elements of fraud are: (1) the defendant made false statements of existing and material fact; (2) the defendant knew the representations to be false or made them recklessly without knowledge concerning them; (3) the defendant made the representations intentionally for the purpose of inducing another party to act upon them; (4) the other party reasonably relied and acted upon the representations; and (5) the other party sustained damages by relying upon the false statements. *Kelly v. VinZant*, 287 Kan. 509, 515, 197 P.3d 803 (2008).

Here, Myzer made general assertions regarding fraudulent activity in his petition, but he failed to allege the elements of fraud with particularity. The only claims directed to any of the named defendants were his allegations that his parents—both of whom are reported to be deceased—falsely told him that he was John Sanford Myzer. However, he did not provide any facts to show that this representation was false. Myzer also failed to show that he reasonably relied on the alleged misrepresentation or that he sustained damages as a result. Instead, he relied on speculation and conclusory statements.

Moreover, as to the living defendants, Myzer did not identify any specific role that they played in the alleged fraudulent conspiracy. Myzer also made several references in his petition to the defendants placing him under audio-video surveillance as part of the alleged fraudulent conspiracy. However, he failed to allege in what ways—if any—the specific defendants participated in the alleged surveillance. Based on our reading of the petition, it is impossible to tell what allegations support his claim for relief or against whom this allegation is directed. See K.S.A. 2019 Supp. 60-208(a)(1).

"A petition containing conclusory, rambling, and incoherent allegations defying reason or logic fails to comply with the requirements of" K.S.A. 2019 Supp. 60-208(a)(1)

9

and (e)(1) and is subject to dismissal. *Gatlin v. Hartley, Nicholson, Hartley & Arnett, P.A.*, 29 Kan. App. 2d 318, Syl. ¶ 3, 26 P.3d 1284 (2001). Here, we find the allegations contained in Myzer's petition to be both conclusory and confusing. Thus, we conclude that the petition did not adequately put the defendants on notice of the allegations against them and, as such, we find that it was appropriate for the district court to grant the motion to dismiss.

*Amendment of Petition*

In addition, Myzer argues that the district court erred by not granting him leave to amend his petition. K.S.A. 2019 Supp. 60-215 allows for the amendment of pleadings under certain circumstances. However, a review of the record in this case reveals that Myzer never requested leave to amend his petition. Issues not raised before the district court cannot be raised for the first time on appeal. *Wolfe Electric, Inc. v. Duckworth*, 293 Kan. 375, 403, 266 P.3d 516 (2011). Hence, we cannot fault the district court for failing to grant Myzer leave to amend his petition when he did not request to do so.

*Due Process*

For the first time on appeal, Myzer argues he was denied due process of law. Constitutional grounds for reversal asserted for the first time on appeal are not properly before the appellate court for review. *Bussman v. Safeco Ins. Co. of America*, 298 Kan. 700, 729, 317 P.3d 70 (2014). There are several exceptions to this rule, including: (1) the newly asserted theory involves only a question of law arising on proved or admitted facts and is finally determinative of the case; (2) consideration of the theory is necessary to serve the ends of justice or to prevent the denial of fundamental rights; and (3) the judgment of the district court may be upheld on appeal despite its reliance of the wrong ground or having assigned a wrong reason for its decision. *In re Estate of Broderick*, 286 Kan. 1071, 1082, 191 P.3d 284 (2008), *cert. denied* 555 U.S. 1178 (2009).

Kansas Supreme Court Rule 6.02(a)(5) (2020 Kan. S. Ct. R. 34) requires an appellant to explain why an issue was not raised below and provide a reason why it should be considered for the first time on appeal. In *State v. Williams*, 298 Kan. 1075, 1085, 319 P.3d 528 (2014), the Kansas Supreme Court held that litigants who fail to comply with this rule risk a ruling that the issue is improperly briefed, and the issue will be deemed waived or abandoned. More recently, our Supreme Court held that Rule 6.02(a)(5) would be strictly enforced. *State v. Godfrey*, 301 Kan. 1041, 1044, 350 P.3d 1068 (2015). We note that our Supreme Court continues to follow this principle. See *State v. Hambright*, 310 Kan. 408, 420, 447 P.3d 972 (2019). Thus, we conclude that Myzer has waived or abandoned this issue for failure to comply with the provisions of Rule 6.02.

In summary, we conclude that the district court properly granted the defendants' motion to dismiss for the reasons set forth in this opinion. Likewise, we find that Myzer did not move to amend his petition and that he failed to preserve his due process argument for appeal. Finally, in light of our resolution of the other issues presented, we find that it is unnecessary to reach the issue of res judicata.

Affirmed.