NOT DESIGNATED FOR PUBLICATION

No. 125,153

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

RAY ANTHONY MILES,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Shawnee District Court; MARY E. CHRISTOPHER, judge. Opinion filed November 10, 2022. Affirmed.

*Ray Anthony Miles*, appellant pro se.

*Stephen O. Phillips*, assistant attorney general, and *Derek Schmidt*, attorney general, for appellee.

Before ATCHESON, P.J., BRUNS, J., and PATRICK D. MCANANY, S.J.

PER CURIAM: This appeal arises out of the district court's dismissal of Ray Anthony Miles' pro se petition against the State of Kansas alleging false imprisonment and seeking to recover $5 billion in damages. After Miles filed a motion for default judgment, the district court issued an order to show cause why his petition should not be dismissed. Ultimately, the district court found that the entry of a default judgment against the State would be inappropriate and dismissed Miles' petition under K.S.A. 60-212(b)(6) for failure to state a claim. In addition, the district court found that it lacked subject matter jurisdiction. Under the circumstances presented, we find that the district court appropriately dismissed Miles' petition.

1

Miles is incarcerated as a result of an incident that occurred at the WIBW-TV studios in Topeka on May 23, 2012. Although he was acquitted of one charge, a Shawnee County jury convicted him of three counts of aggravated battery, one count of battery, one count of criminal threat, and one count criminal damage to property. The district court subsequently sentenced Miles to consecutive sentences of 88 months in prison and 12 months in jail. On direct appeal, a panel of this court affirmed his convictions and sentence. *State v. Miles*, No. 110,511, 2014 WL 7565767 (Kan. App. 2014) (unpublished opinion) (*Miles I*). Thereafter, on April 21, 2016, the Kansas Supreme Court denied review.

Over the past six years, Miles has unsuccessfully filed two pro se K.S.A. 60-1507 motions. In addition, he has filed several pro se civil lawsuits against governmental entities in both State and federal court relating to his incarceration. Moreover, Miles has been denied relief in each of these lawsuits. See *Miles v. Shawnee County*, No. 123,033, 2021 WL 841935 (Kan. App. 2021) (unpublished opinion) (*Miles II*); *Miles v. Shawnee County,* No. 123,075, 2021 WL 762086 (Kan. App. 2021) (unpublished opinion) (*Miles III*); *Miles v. Shawnee County Dept. of Corrections*, No. 124,026, 2022 WL 983270 (Kan. App. 2022) (unpublished opinion) (*Miles IV*). See also *Miles v. Kansas*, 770 Fed. Appx. 432 (10th Cir. 2019) (unpublished opinion) (dismissing appeal from *Miles v. Kansas*, No. 18-3168-SAC, 2019 WL 9595699 [D. Kan. 2019] [unpublished opinion]).

On September 27, 2021, Miles filed the pro se petition that is the subject of this appeal in the Shawnee County District Court. In the petition, he alleged that he was falsely imprisoned by the State of Kansas. In addition to filing several other motions, Miles filed a motion for default judgment on November 16, 2021. After reviewing the motion for default, the district court issued an order to show cause as to why the petition should not be dismissed under K.S.A. 60-212(b)(1) and (b)(6). In its order to show cause,

the district court explained that in order for Miles to succeed on a false imprisonment claim, he would have to show that his underlying conviction had either been reversed or declared invalid.

On December 30, 2021, the district court entered a memorandum decision and order dismissing Miles' petition. In doing so, the district court determined that Miles had failed to allege an essential element to state a false imprisonment claim. In particular, the district court found that Miles failed to allege he was imprisoned without legal excuse. The district court futher found that amending his petition would be futile. Accordingly, the district court concluded—among other things—that Miles' petition failed to state a claim upon which relief could be granted.

ANALYSIS

On appeal, Miles contends that the district court erred in dismissing his petition seeking damages from the State of Kansas for false imprisonment. Our review of the district court's granting of a motion to dismiss is unlimited. *Platt v. Kansas State University*, 305 Kan. 122, 126, 379 P.3d 362 (2016). "When the district court has granted a motion to dismiss, this court must assume the truth of the facts alleged by the plaintiff, along with any inferences that can reasonably be drawn from those facts." *Hale v. Brown*, 287 Kan. 320, 322, 197 P.3d 438 (2008). However, we not required to accept conclusory or contradictory allegations. *Gatlin v. Hartley, Nicholson, Hartley & Arnett, P.A.*, 29 Kan. App. 2d 318, 319, 26 P.3d 1284 (2001) (quoting *Grindsted Products, Inc. v. Kansas Corporation Comm'n*, 262 Kan. 294, 303, 937 P.2d 1 [1997]).

Based on our review of the record, we find that it was appropriate for the district court to deny Miles' request for a default judgment against the State. K.S.A. 2021 Supp. 60-255(c) provides: "A default judgment may be entered against the state, its officers or its agencies only if the claimant establishes a claim or right to relief by evidence that

satisfies the court." As a result, we find that the district court properly issued an order to show cause to determine whether Miles' petition stated a claim upon which relief could be granted before ruling on the motion for default judgment. We also find that the district court properly determined that Miles had failed to state a claim upon which relief could be granted and appropriately dismissed his petition under K.S.A. 2021 Supp. 60-212(b)(6).

In a civil action for false imprisonment, the plaintiff must show that the defendant restrained his or her personal freedom "without legal excuse" by words, acts, threats, or personal violence which caused the plaintiff to be fearful of leaving. *Mader v. Custom Wood Products*, No. 123,124, 2021 WL 3439243, at *4 (Kan. App. 2021) (unpublished opinion); see also *Thompson v. General Finance Co.*, 205 Kan. 76, 88, 468 P.2d 269 (1970) (To establish a claim for false imprisonment, it is necessary to show "that the individual be restrained of his liberty *without any sufficient legal cause* therefor, and by words or acts which the one being restrained fears to disregard." [Emphasis added.]); PIK Civ. 4th 127.20 (False imprisonment "is the restraint of the personal freedom of an individual *without legal excuse* by any words, acts, threats, or personal violence that under the circumstances the one being restrained fears to disregard." [Emphasis added.]).

In his petition, Miles failed to allege that he was being held without legal cause or excuse. Likewise, Miles fails to allege that his convictions and sentence had been reversed, that it has been declared invalid, or that it has otherwise been set aside. Consequently, Miles did not allege the essential elements of a false imprisonment claim, and we conclude that the district court did not err in dismissing Miles' petition under K.S.A. 2021 Supp. 60-212(b)(6) for failure to state a claim upon which relief may be granted.

We also find that the district court's dismissal of Miles' petition is consistent with the United States Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477, 114 S.

4

Ct. 2364, 129 L. Ed. 2d 383 (1994). In *Heck*, the Supreme Court addressed a similar issue in the context of a 42 U.S.C. § 1983 action and found that a valid claim for unconstitutional imprisonment cannot be stated unless the conviction or sentence has been reversed, expunged, declared invalid by an appropriate state court, or undermined by a federal court's grant of habeas relief. 512 U.S. at 486-87. Significantly, the United States Court of Appeals for the Tenth Circuit relied on *Heck* in dismissing Miles' appeal in one of his other lawsuits arising out of his incarceration. Specifically, the court found that "Miles' conviction and sentence have not been reversed, expunged, declared invalid by an appropriate state court, or undermined by a federal court's grant of habeas relief. *Heck* thus bars [his] damages action, rendering the appeal frivolous." *Miles*, 770 Fed. Appx. at 433.

We now turn to Miles' contention that the district court committed judicial misconduct. In particular, he argues that the district court failed to timely rule on various motions in violation of Kanas Supreme Court Rule 166(a) (2022 Kan. S. Ct. R. at 234). We exercise unlimited review over judicial misconduct claims, considering the particular facts and circumstances surrounding the allegation. *State v. Boothby*, 310 Kan. 619, 624, 448 P.3d 416 (2019).

Rule 166(a) requires that a district court should "issue a ruling on a civil motion no later than 30 days after the motion's final submission . . . ." (2022 Kan. S. Ct. R. at 234.) Although the record reflects that Miles filed several motions while this action was pending in the district court, we cannot tell from the record on appeal when or if the State was served with these motions. See *Friedman v. Kansas State Bd. of Healing Arts*, 296 Kan. 636, 644, 294 P.3d 287 (2013) ("When facts are necessary to an argument, the record must supply those facts and a party relying on those facts must provide an appellate court with a specific citation to the point in the record where the fact can be verified."). As a result, we cannot determine when Miles' motions were deemed to be finally submitted to the district court for ruling.

Nevertheless, even if Miles had come forward with an adequate record to show that the district court failed to meet the 30-day deadline set forth in Rule 166(a), this would not rise to the level of judicial misconduct. Rule 166(c) provides that if the district court fails to meet the deadline, then it is to file a report with the judicial administrator that explains why the deadline was not met. Hence, we find that the rule is intended to regulate the internal administration of Kansas Judicial Branch and noncompliance does not equate to judicial misconduct.

In summary, we conclude that the district court did not err in dismissing Miles' petition under K.S.A. 2021 Supp. 60-212(b)(6) for failure to state a claim of false imprisonment on which relief can be granted. However, we note that the district court's memorandum decision and order is silent on whether the dismissal was with or without prejudice. Based on our review of Miles' short petition, we see no insurmountable legal bar to the claim as it appears on the face of the petition. In that circumstance, a dismissal for failure to state a claim under K.S.A. 2021 Supp. 60-212(b)(6) typically would be without prejudice. As a result, we construe the dismissal to be without prejudice and affirm on that basis. In light of this decision, it is unnecessary for us to reach the other arguments presented by the parties in their briefs.

Affirmed.